**Andrew Altschul, OSB No. 980302**
E-mail: andrew@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: (503) 974-5015
Facsimile: (971) 230-0337
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BEN COLEMAN-FIRE,**<br><br>    Plaintiff,<br><br>v.<br><br>**STANDARD INSURANCE COMPANY,**<br><br>    Defendant. | Civil No. 3:18-cv-00180-SB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

## INTRODUCTION

Plaintiff Ben Coleman-Fire ("Coleman-Fire") seeks attorneys' fees in connection with his Employee Retirement Income Security Act ("ERISA") claim for long term disability benefits. Defendant Standard Insurance Company ("Standard") understands that in light of his success on the merits of the claim, Coleman-Fire likely satisfies the *Hummell v. S.E. v. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) five-factor test and may be entitled to recover "reasonable" attorneys' fees. *But see Herman v. Lifemap Assurance Company*,

Page 1 -   **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

17-cv-01336-MO, 2019 WL 1040970 (D. Or. March 5, 2019) (denying fees under *Hummell* analysis in similar "close call" ERISA case). If fees are awarded, however, the hourly rate, and in particular, the amount of hours for which Coleman-Fire seeks fees are not reasonable.

## ARGUMENT

### A. The Requested Hourly Rate is Disproportionately Higher than The Rates Previously Awarded Coleman-Fire's Counsel

"A reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation." *Anderson v. Ross Island Sand & Gavel Co.*, 3:18-cv-00898-SB, 2018 WL 5993581, at *3 (D. Or. Oct 24, 2018). The fee applicant bears the burden of producing satisfactory evidence of the prevailing rates in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation. *Comacho v. Bridgeport Fin., Inc.*, 523 F3d 973, 980 (9th Cir. 2008); *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "The best evidence of the prevailing rate in Portland, Oregon, is the 2017 Economic Survey Conducted by the Oregon State Bar." *Anderson*, 2018 WL 5993581 at *3.

Coleman-Fire's attorney, Megan E. Glor ("Attorney Glor"), asks the Court to award her a rate equal to the 75 percentile for Portland attorneys with 21-30 years' experience. Historically, however, this District has repeatedly based Attorney Glor's rate on the "average" rate for Portland attorneys with her years of experience. *See e.g., Robertson v. Standard Insurance Co.*, 3:14-cv-01572-HZ, 2016 WL 406343, at *6 (D. Or. January 31, 2016) (awarding Attorney Glor a $336.34/hr based on the average 2012 rate adjusted for inflation); *Vox v. Providence Health Plan*, 3:12-cv-01348-HZ, 2014 WL 3478566 at *3 (D. Or July 11, 2014) (awarding Attorney Glor $300/hr, which was less than the $328 average

Page 2 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S
           FEES AND COSTS

rate); *Toth v. INA Life Ins. Co. of New York*, 08-653-JE, 2010 WL 170260, at * 6 (D. Or January 13, 2010) (awarding Attorney Glor $270/hr, which was slightly more than the average and slightly less than the median rate); *Mindt v. Prudential Ins. Co. of America*, 03-761-ST, 2004 WL 1878339, at *3 (D Or August 23, 2004) (awarding Attorney Glor $190/hr based on the average rate for her years of practice).

The average hourly rate for a Portland attorney with Attorney Glor's experience in the 2017 Economic Survey is $394. That represents a 17.4% increase from her most recent award just under four-years ago. The $394/hr rate is also more than double the 7.6% rate of inflation, as reflected by the consumer price index ("cpi"), over that period of time.[1] In contrast, Attorney Glor's requested rate would be an astonishing 41.22% increase. *See Toth*, 20014 WL 1878339 at *3) (rejecting Attorney Glor's request to increase her rate by 58% over 2.5 years as "unreasonable" and instead increasing it 6.1% based on the cpi).

For these reasons, Standard respectfully submits that any fees awarded Attorney Glor should be at the average rate for a Portland attorney with her years of experience: $394/hr.

**B. The Hours Spent on This Litigation Were Excessive**

It is the fee claimant's burden to show that the number of hours spent on the case was "reasonably necessary" to the litigation. *Hensley v. Eckerhart*, 461 US 424, 434 (1983). The district court may also exclude any hours that are excessive, redundant, or otherwise unnecessary. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). In addition, the Ninth Circuit has stated that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific

---

[1] *See* https://www.minneapolisfed.org/community/financial-and-economic-education/cpi-calculator-information/consumer-price-index-and-inflation-rates-1913. This District has relied on the cpi in evaluating the increase of an attorney's rate in *Robinson* and *Toth*.

explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). And even if the opposing party has not objected to the time billed, the district court may not uncritically accept a fee request, but is obligated to review the time billed and assess whether it is reasonable. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).

   1. **The Time Spent On This Matter Is Grossly Disproportionate To Other ERISA Matters And Without Justification.**

This was a straightforward ERISA case. It did not involve a novel or difficult legal question. The Court simply weighed the competing evidence and opined on whose doctors the Court found most compelling. The Court did not, contrary to Coleman-Fire's suggestion, analyze any legal issue regarding the mental disorder limitation, but merely found that Coleman-Fire presented sufficient evidence demonstrating that his limitations were caused by his physical injury. *See* Court's Finding of Facts and Conclusion of Law, Docket No. 40, at ¶¶ 20-21. And while "[m]ost ERISA cases involve the difficult issue of determining the appropriate standard of review," as in *Mindt*, "here, however, defendants conceded that it was *de novo*." *Mindt*, 2004 WL 1878339, at *3 (noting for these same reasons, "as far as ERISA cases go, this was not a very complex case.").

Nor does the size of the administrative record warrant a particularly large amount of time. In fact, the only time entry submitted by Attorney Glor that actually references time spent reviewing the administrative record is for 2.3 hour on 9/17/18. Declaration of Megan E. Glor, Exhibit B, page 4 of 15. This is not particularly surprising, however, given that Attorney Glor represented Coleman-Fire during her administrative appeals and was thus

quite familiar with the small portion of the record that was relevant.[2] *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F3d 974, 987 (9th Cir 2001) ("ERISA does not allow for attorneys' fees for the administrative phase of the claims process.") (internal citation omitted).

And in *Robertson*, for example, the administrative record was 1974 pages, over 700 pages more than the 1248 pages at issue here. *See Robertson* 3:14-cv-01572-HZ, Docket No. 21. Yet, in that case, which also included a motion to transfer venue, a motion to compel and a motion for clarification, and where the lead counsel was less experienced, and awarded a lower hourly rate to reflect, in part to reflect that he was presumably less efficient in his use of time, the plaintiff only sought 178.6 hours of attorney time (more than half the amount sought here), 147.1 of which were ultimately awarded. *Robertson*, 2016 WL 406343.

Indeed, despite the fairly routine nature of this ERISA case, the 381.2 hours of time Attorney Glor seeks to recover on this matter is 80% higher than the average time awarded in ERISA cases in Oregon and Washington over the last five years. See Appendix A showing average time awarded is 211.92 hours.[3] And 60% greater than the average time awarded in ERISA cases in Oregon, Washington and California over that same time period. See Appendix B showing average time awarded is 237.25 hours.[4]

---

[2] The Court is well aware that the parties' arguments centered around a handful of key documents. A review of Coleman-Fire's opening brief reveals that less 1/3 of the Administrative Record was cited.

[3] This figure excludes two (2) "outlier cases" where less than 100 hours of time were awarded. With the outliers, the average time awarded decreases to 160.49 hours. Appendix A includes the outlier cases.

[4] This figure excludes 10 "outlier cases," six (6) of which where less than 125 hours were awarded and four (4) of which were over 500 hours in unusually long and larger complex cases. With the outliers, the average time awarded increases to 251.53 hours. Appendix B also includes the outlier cases.

Page 5 -  DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

In determining whether an attorney has spent an excessive amount of time in ERISA cases, the Ninth Circuit has approved looking at "the time spent on similar tasks by … attorneys in other ERISA cases." *Day v. AT&T Disability Income Plan*, 608 Fed. Appx. 454, 457 (9th Cir. 2015).  In that case, the Ninth Circuit affirmed the district court's reduction of the plaintiff's counsel's requested 334.1 hours to 239.9 hours based on the fact that the time requested was disproportionately large compared to three other recent ERISA cases.

> Specifically, the district court explained:
>
> ATT contends that Nichols' billed hours are excessive and unreasonable when viewed against similar cases. Nichols claims he worked 334.1 hours to review documents and prepare briefs for summary judgment. By comparison, in *Mitchell v. Metro. Life Ins. Co.*, No. CV 05-00810 DDP, 2008 WL 1749473, at *4 (C.D.Cal. April 7, 2008), the court found that the ERISA attorneys worked 232.6 hours, for all trial proceedings including the bench trial. In *Joas v. Reliance Std. Life Ins. Co*., No. 03CV850 WQH, 2008 WL 1859998, at *1, 4 (S.D. Cal. April 22, 2008), the court reduced the ERISA attorneys' number of hours to 263.8 for cross-motions for summary judgment and an appeal. In *King v. Cigna Corp*., No. C 06-7025 CW, 2007 WL 4365504, at * 1, 6 (N.D.Cal. Dec.13, 2007), the court determined that the ERISA attorneys worked 223.4 hours for a motion for summary judgment.4 These recent cases, which all bill under Nichols' 334.1 hours, make his hours seem excessive.
>
> …
>
> [T]he billable hours are excessive and will be reduced to 239.9 hours…the average hours spent in the *Mitchell*, *Joas*, and *King* cases.

*Day v. SBC Income Disability Plan*, 2008 WL 2783482, C 06-1740 JW (RS), * 2, 3 (ND CA, July 8, 2008), *aff'd* 608 Fed. Appx. 454.

Notably, the 239.9 hours that the district court deemed typical in *Day* is almost identical to the 237.25 average awarded in all published cases in Oregon, Washington and California over the past five years.  Accordingly, for the same reasons as in *Day*, Standard

Page 6 - **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

contends that any time awarded in this case should be reduced to that 237.25 hour average. Alternatively, reductions are warranted for the more specific reasons discussed below.

### 2. Attorney Glor Is Not Entitled to Recoup Time Spent Before She Was Retained To Pursue Litigation.

As noted above, "ERISA does not allow for attorneys' fees for the administrative phase of the claims process." *Dishman*, 269 F3d at 987 (internal citation omitted). Attorney Glor's time records show that on August 28, 2017 she spent 1.2 hours "prepar[ing]" her retainer agreement and communicating with her client about it.[5] She then spends a total of .6 hours on September 2, 2017, October 30, 2017 and November 27, 2017 communicating regarding the terms of the agreement and costs moving forward. And Attorney Glor does not begin preparing the Complaint until December 17, 2017. Decl. of Megan E. Glor, Ex B page 1 of 15. Given that Glor was not retained for purposes of this litigation until August 28, 2017 at the earliest (and more likely November 27, 2017), at a minimum the 6.8 hours Attorney Glor billed from June 8, 2017 through August 24, 2017, and arguably the additional 1.8 hours from August 28 to November 27, are not recoverable. *Dishman*, 269 F.3d at 987.

### 3. The Time Spent on A Request for Settlement Was Unnecessary

Attorney Glor seeks 7.2 hours of time from May 16, 2018 through June 26, 2018 related to drafting a 3.25-page settlement demand that requested over $1,500,000—of which

---

[5] The time entry does not explain how much time was spent on each task, and therefore also warrants reduction as a block bill. *Ayala v. Cook Family Builders LLC*, 3:17-CV-266-PK, 2018 WL 1631453, at *4 (D Or Mar 6, 2018) ("Because the practice of block billing systematically impairs the court's ability to ascertain the reasonableness of an attorney's time expenditures, the courts of the District of Oregon have of long standing adopted the practice of eliminating block-billed time entries in their entirety from the lodestar calculation*.*"), *report and recommendation adopted*, 3:17-CV-266-PK, 2018 WL 1629863 (D Or Apr 3, 2018).

Page 7 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

only $53,605.50 was for past benefits and $1,283,198 constituted future benefits that may or may not be paid over the next 32 years—and rejecting Standard's offer to mediate unless Standard first responded with a figure close to the $1,500,000.00 demand.[6]  Declaration of Andrew Altschul In Support of Response to Plaintiff's Motion for Attorneys' Fees and Costs ("Altschul Decl."), ¶2-3, Ex A and B.  This is an excessive amount of time for one short letter, but more importantly it is an unnecessary amount given that Coleman-Fire did not fully engage in settlement efforts.  He essentially directed his attorney to ask for everything he could possibly recover and then refused to engage in any serious negotiations.

### 4. The Time Spent On Pointless Discovery Should Not Be Awarded

From July 31, 2018 to September 26, 2018 (excluding the September 4, 2018 time entry related to an extension to the JADR deadline and September 17, 2018 time entry related to reviewing the record) Attorney Glor recorded 12.3 hours related to pursuing discovery of what she concedes was "relatively benign" information.  Declaration of Megan E. Glor, ¶ 18; Ex B, pages 3-4.  That characterization, however, over emphasizes the value of the discovery; it was useless and none of the 11-pages of documents produced were presented to the Court as part of Coleman-Fire's brief on the merits.  Altschul Decl. ¶ 4.

The fact that Standard choose to produce documents, subject to a protective order, that it did not believe it was required to produce rather than spend time (including the Court's) and money fighting a motion to compel it may have prevailed on should not be

---

[6] FRE 408 does not prevent a court from considering settlement communications in connection with a motion for attorneys' fees.  *Ingram v. Oroudjian*, 647 F3d 925, 927 (9th Cir 2011) ("We agree with the reasoning of the Third Circuit and therefore hold that the district court did not err by considering settlement negotiations for the purpose of deciding a reasonable attorney fee award in this case."); *Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir.2009) ("We agree with the District Court that Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award in a particular case.")

Page 8 -   DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S
            FEES AND COSTS

reason to provide fees to Coleman-Fire for the time related to this pointless pursuit. Courts traditionally limit discovery in ERISA cases to effectuate "ERISA's policy of keeping proceedings inexpensive and expeditious." *Kelly v. Standard Ins. Co.*, 3:17-CV-1111-YY, 2018 WL 3639844, at *2 (D Or July 3, 2018). In *de novo* review cases, like this one, "[a] district court should exercise its discretion to consider evidence outside of the administrative record "'*only* when circumstances *clearly* establish that additional evidence is *necessary* to conduct an adequate *de novo* review of the benefit decision.'" *Kelly*, 2018 WL 3639844 at *1 (quoting *Opeta v. Nw. Airlines Pension Plan for Contract Employees,* 484 F3d 1211, 1218 (9th Cir 2007)) (emphasis in original). Given that Coleman-Fire did not even attempt to make use of the additional evidence discovered, the Court should treat the time as it would if it denied a request to compel the evidence, and exclude its recovery. See *Robinson*, 2016 WL 406343, at * 3 (denying time for unsuccessful discovery motion).

### 5. The Time Spent on the Summary Judgment Briefing Was Excessive

The bulk of Attorney Glor's time, as one would expect in an ERISA case, is devoted to briefing on the merits. Specifically, Attorney Glor seeks 264 hours to prepare three (3) briefs: 92.7 on Coleman-Fire's Opening brief, 78.8 on Coleman-Fire's Response to Standard's Cross-Motion, and 92.5 on Coleman-Fire's Reply brief. Declaration of Megan E. Glor, Exhibit B pages 4-7. This is an astonishingly large amount of time, especially in light of Attorney Glor's experience and expertise. *See Gurasich v. IBM Retirement Plan*, 14-cv-02911-DMR, 2016 WL 3683044, at *10-11, (ND Cal July, 2016) (finding 174.8 hours briefing ERISA cross-motions for summary judgment excessive and reducing time to 157.31 hours).

### 6. The Time Spent Preparing for Oral Argument Was Unreasonable.

Attorney Glor acknowledges that she spent nearly 14 hours preparing for and participating in oral argument. Declaration of Megan E. Glor ¶20, Exhibit B, page 8 of 15. Standard disagrees that this is reasonable. Oral argument lasted approximately 1.5 hours. That, and an additional 3.5 hours of preparation time, is more than reasonable given the extensive briefing on the matter and Attorney Glor's experience and expertise.

**7. The Requested Costs are Reasonable.**

Standard does not object to the $455 in costs requested by Coleman-Fire.

## CONCLUSION

For the reasons discussed above, Standard requests that any award of fees and costs be limited as follows:

| | |
|---|---|
| Attorney Glor: | 237.25 hours x. 394/hr = $93,476.50 |
| Paralegal Robert Turlington: | 6.1 hours x $100/hr = $610 |
| Costs: | $455 |

DATED: November 22, 2019.

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Andrew Altschul
Andrew Altschul, OSB No. 980302
andrew@baaslaw.com
Telephone: (503) 974-5015
Attorneys for Defendant

**APPENDIX A**

| Case Name | Citation | Court | Year | Hours Sought by Plaintiff | Hours Awarded to Plaintiff |
|---|---|---|---|---|---|
| *Bergen v. Tualatin Hills Swim Club, Inc.* | 2016 WL 2736105 | D. Or. | 2016 | 23.3 | 23 |
| *Hartle v. Life Insurance Company of North America* | 2019 WL 195087 | W.D. Wa. | 2019 | 116.4 | 40.8 |
| *Robertson v. Standard Insurance Co.* | 2016 WL 406343 | D. Or. | 2016 | 178.6 | 147 |
| *James v. Grp. Life and Health Benefits Plan for Employees Participating AMR Corp. Subsidiaries* | 2014 WL 6474929 | D. Or. | 2014 | 148.2 | 148.2 |
| *Paulson v. Principal Life Insurance Co.* | 2017 WL 4843837 | W.D. Wa. | 2017 | 175.6 | 175.6 |
| *Flaaen v. Principal Life Insurance Co.* | 2017 WL 6527144 | W.D. Wa. | 2017 |  | 283.7 |
| *Yox v. Providence Health Plans* | 2014 WL 3478566 | D. Or. | 2014 | 375.4 | 305.1 |
| **AVERAGE** |  |  |  | **169.58** | **160.49** |
| **AVERAGE WITHOUT OUTLIERS*** |  |  |  | **219.45** | **211.92** |
| *Removed two cases awarding <100 |  |  |  |  |  |

**APPENDIX B**

| Case Name | Citation | Court | Year | Hours Sought by Plaintiff | Hours Awarded to Plaintiff |
|---|---|---|---|---|---|
| Bergen v. Tualatin Hills Swim Club, Inc. | 2016 WL 2736105 | D. Or. | 2016 | 23.3 | 23 |
| Bd. Of Motion Picture Indus. Pension Plan v. Revolver Film Co. | 2017 WL 3457107 | C.D. Cal. | 2017 | 35.81 | 35.81 |
| Hartle v. Life Insurance Company of North America | 2019 WL 195087 | W.D. Wa. | 2019 | 116.4 | 40.8 |
| Rangel v. Aetna Life Insurance Co. | 2016 WL 1449539 | C.D. Cal. | 2016 | 125.1 | 83.3 |
| Barboza c. California Association of Professional Firefighters | 2016 WL 3125996 | E.D. Cal. | 2016 | | 105.8 |
| Low-Iacovino v. Benefit Plan Committee of Nonbargained Program of AT&T Benefit Plan | 2018 WL 6985241 | C.D. Cal. | 2018 | 166.9 | 108.485 |
| Robertson v. Standard Insurance Co. | 2016 WL 406343 | D. Or. | 2016 | 178.6 | 147 |
| James v. Grp. Life and Health Benefits Plan for Employees Participating AMR Corp. Subsidiaries | 2014 WL 6474929 | D. Or. | 2014 | 148.2 | 148.2 |
| Armani v. Northwestern Mutual Life Insurance Co. | 2017 WL 3174894 | C.D. Cal. | 2017 | 148.3 | 148.3 |
| Leetzow v. Metropolitan Life Insurance Co., et al. | 2017 WL 1231719 | C.D. CA. | 2017 | 155 | 155.7 |
| Keith McBean v. United Omaha Life Insurance | 2019 WL 2588151 | S.D. Cal. | 2019 | 164.4 | 164.4 |
| Bosley v. Metropolitan Life Insurance Co. | 2017 WL 4071346 | N.D. Cal. | 2017 | 166.9 | 166.9 |
| Dmuchowsky v. Sky Chefs, Inc. | 2019 WL 1934480 | N.D. Cal. | 2019 | 185.1 | 167.4 |
| Helman v. Aetna Life Insurance Co. | 2018 WL 6118515 | C.D. Cal. | 2018 | 179.6 | 167.9 |
| Paulson v. Principal Life Insurance Co. | 2017 WL 4843837 | W.D. Wa. | 2017 | 175.6 | 175.6 |
| Elise Dragu v. Motion Picture Industry Health | 159 F. Supp. 3d 1121 | N.D. Cal. | 2016 | 199 | 191 |
| Duarte v. Aetna Life Insurance Co. | 2016 WL 11505593 | C.D. Cal. | 2016 | 202.5 | 192.5 |
| Day v. SBC Disability Income Plan | 608 Fed. Appx. 454 | 9th Cir. | 2015 | 334.1 | 239.9 |
| Harlow v. Metropolitan Life Insurance Co. | 2019 WL 2265136 | C.D. Cal. | 2019 | 266.5 | 263.5 |
| James v. AT&T West Dsiability Benefits Program, et al. | 2014 WL 7272983 | N.D. Ca | 2014 | 283 | 266.5 |
| Flaaen v. Principal Life Insurance Co. | 2017 WL 6527144 | W.D. Wa. | 2017 | | 283.7 |
| Yox v. Providence Health Plans | 2014 WL 3478566 | D. Or. | 2014 | 375.4 | 305.1 |
| Estate of Maurice v. Life Insurance Company of North America | 2018 WL 5793284 | C.D. Cal. | 2018 | 384.9 | 370.3 |
| Gurasich v. IBM Retirement Plan | 2016 WL 3683044 | N.D. Cal. | 2016 | 435.2 | 380.2 |
| Perris Valley Com. Hosp. LLC v. Southern California Pipe Trades Administrative Corporation | 2014 WL 12687444 | C.D. Cal. | 2014 | 406.55 | 382.65 |
| Dowdy v. Metropolitan Life Insurance Company | 2019 WL 120730 | N.D. Cal. | 2019 | 481.6 | 432.3 |
| Reddick v. Metropolitan Life Insurance Company | 2018 WL 637938 | S.D. Cal. | 2018 | | 515 |
| Doe v. Prudential Insurance Company of America | 258 F. Supp. 3d 1089 | C.D. Cal. | 2017 | 536.3 | 536.3 |
| Echague v. Metropolitan Life Insurance Co. | 69 F. Supp. 3d 990 | N. D. Cal. | 2014 | 700 | 630 |
| Oldoerp v. Wells Fargo Company Long Term Disability Plan | 2014 WL 2621202 | N.D. Cal. | 2014 | 766 | 718.4 |
| | | | | | |
| **AVERAGE ALL CASES WITH HOURS AWARDED** | | | | 271.86 | 251.53 |
| **AVERAGE WITH OUTLIERS* REMOVED** | | | | 256.34 | 237.45 |
| *Removed 6 cases awarding <125 and 4 cases awarding >500 | | | | | |

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** on the following-named persons on the date indicated below in the manner indicated:

☐  mailing with postage prepaid

☐  hand delivery

☐  facsimile transmission

☐  email

☒  notice of electronic filing using the CM/ECF system

Megan E. Glor
John C. Shaw
Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR 97212
megan@meganglor.com
john@meganglor.com

Attorneys for Plaintiff

DATED:  November 22, 2019          BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Andrew Altschul
Andrew Altschul, OSB No. 980302
Telephone: (503) 974-5015
Attorneys for Defendant