IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BEN COLEMAN-FIRE, | Case No. 3:18-cv-00180-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| STANDARD INSURANCE COMPANY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

The matter before the Court is plaintiff Ben Coleman-Fire's ("Coleman-Fire") Motion for Attorney's Fees and Costs. (ECF No. 52.) Defendant Standard Insurance Company ("Standard") acknowledges that Coleman-Fire is entitled to his attorney's fees and costs, but argues that the hourly rate and number of hours he seeks are not reasonable. (Def.'s Resp. at 1-2.) For the reasons set forth below, the Court grants Coleman-Fire's motion.

## BACKGROUND

In January 2018, Coleman-Fire filed this action seeking reinstatement of his long-term disability benefits under the Employee Retirement Income Security Act ("ERISA"). (ECF No.

PAGE 1 – OPINION AND ORDER

1.) In May 2019, the Court granted Coleman-Fire's motion for summary judgment (ECF No. 40), and thereafter entered judgment in favor of Coleman-Fire. (ECF No. 48.)

## DISCUSSION

The Court agrees with the parties that Coleman-Fire is entitled to recover his reasonable attorney's fees and costs under the guidelines set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (holding that a court should consider the following factors when exercising its discretion to award fees and costs in an ERISA action: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions"). The Court must determine whether the fee award Coleman-Fire seeks is reasonable.

### I.   ATTORNEY'S FEES

####   A.   Legal Standards

"Attorneys' fees under ERISA . . . 'are calculated using the lodestar approach, which multipl[ies] the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate.'" *Bd. of Motion Picture Indus. Pension Plan v. Revolver Film Co. U.S.A. Ltd.*, CV 16-5295-RSWL-Ex, 2017 WL 3457107, at *8 (C.D. Cal. Aug. 11, 2017) (quoting *McElwaine v. U.S. W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)). "Then, the Court must determine if for any reason the lodestar figure should be adjusted." *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The Kerr factors include the novelty or difficulty of

1.) In May 2019, the Court granted Coleman-Fire's motion for summary judgment (ECF No. 40), and thereafter entered judgment in favor of Coleman-Fire. (ECF No. 48.)

## DISCUSSION

The Court agrees with the parties that Coleman-Fire is entitled to recover his reasonable attorney's fees and costs under the guidelines set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (holding that a court should consider the following factors when exercising its discretion to award fees and costs in an ERISA action: "(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions"). The Court must determine whether the fee award Coleman-Fire seeks is reasonable.

### I.   ATTORNEY'S FEES

####   A.   Legal Standards

"Attorneys' fees under ERISA . . . 'are calculated using the lodestar approach, which multipl[ies] the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate.'" *Bd. of Motion Picture Indus. Pension Plan v. Revolver Film Co. U.S.A. Ltd.*, CV 16-5295-RSWL-Ex, 2017 WL 3457107, at *8 (C.D. Cal. Aug. 11, 2017) (quoting *McElwaine v. U.S. W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999)). "Then, the Court must determine if for any reason the lodestar figure should be adjusted." *Id.* (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by *City of Burlington v. Dague*, 505 U.S. 557 (1992)). The Kerr factors include the novelty or difficulty of

the case, the preclusion of other employment, time limitations, the amount at stake, the results obtained, and the undesirability of the case. *Kerr,* 526 F.2d at 70.

An attorney's reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *See Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007) (holding that the district court abused its discretion in ERISA case when it awarded fees at an hourly rate of $250 despite declarations from comparable ERISA attorneys showing that "the market sustain[ed] a rate above $400 per hour" for comparable work). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Welch*, 480 F.3d at 947.

The best evidence of the prevailing rate in Portland, Oregon is the 2017 Economic Survey conducted by the Oregon State Bar.[1] *See Copeland-Turner v. Wells Fargo Bank, N.A.*, No. 11-cv-37-HZ, 2012 WL 92957, at *2 (D. Or. Jan. 11, 2012) ("Judges in the District of Oregon use the Oregon State Bar Economic Survey . . . as a benchmark for assessing the reasonableness of hourly billing rates."); *see also McElmurry v. U.S. Bank Nat'l Ass'n*, No. 04-

---

[1] The 2017 Economic Survey presents the 2016 hourly rate for private practice attorneys by total years admitted to practice. (*See* Decl. of Megan E. Glor ("Glor Decl.") Ex. A, at 6-7, ECF No. 53-1.)

PAGE 3 – OPINION AND ORDER

642-HA, 2008 WL 1925119, at *3 (D. Or. Apr. 30, 2008) (finding that in this District, the Oregon State Bar's Economic Survey "is a bellwether for the market price of attorney services in Portland, and the court affords it significant weight in at least establishing a starting point for reasonable rates"). The Economic Survey sets forth rates actually charged by Oregon attorneys, including rates specific to communities such as Portland. *See, e.g., Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002) (referencing 2002 Economic Survey).

**B.    Analysis**

Coleman-Fire requests compensation for 381.2 hours of attorney Megan Glor's time at an hourly rate of $475, and 6.1 hours of a paralegal's time at the rate of $100.[2] (Pl.'s Mot. at 5.)

**1.    Hourly Rate**

Attorney Glor had between 27.5 to 29.5 years of experience during the course of this litigation, and twenty years of specialized experience in ERISA litigation. (Pl.'s Mot. at 6-7.) Her requested hourly rate of $475 is at the 75th percentile for Portland attorneys with 21-30 years of experience. (*See* Glor Decl. Ex. A, at 7.) Several ERISA specialists, from Oregon and elsewhere, submitted declarations in support of the reasonableness of Glor's hourly rate. Those declarations establish that Glor has an excellent reputation, both in Oregon and nationally, that she has successfully litigated dozens of ERISA cases, and that an ERISA practice carries with it many challenges and a high level of risk.

---

[2] Standard does not challenge the paralegal's hours or $100 hourly rate, and the Court agrees that both are reasonable. *See Anderson v. Ross Island Sand & Gravel Co.*, No. 3:18-cv-00898-SB, 2018 WL 5993581, at *4 (D. Or. Oct. 24, 2018) (finding that Portland area paralegal's hourly rate of $95 was reasonable based on the paralegal's background and was consistent with regional and national paralegal billing rates published in the National Utilization and Compensation Survey Report).

Standard argues that this court has historically based Ms. Glor's hourly rate on the "average" rate for comparable attorneys, and therefore the mean hourly rate of $394 for an attorney with 21-30 years of experience is more appropriate. (Def.'s Resp. at 2-3.) The Court disagrees.

First, based on the declarations submitted in her support and the Court's own experience, Ms. Glor is far from "average." She is a national ERISA expert, and her excellent work product consistently demonstrates her expertise on ERISA-related issues.

Second, Ms. Glor had between 27.5 and 29.5 years of experience during this case, which is at the high end of the applicable 21-30 year range. Courts recognize that an attorney's years of experience at the top of the range should equate to a higher percentile rate. *See League of Wilderness Defenders/Blue Mountain Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1170 (D. Or. 2018) ("I find a rate of $475/hour reasonable. The 2017 OSB Survey indicates that Portland-area attorneys who have practiced from 21–30 years charge $475/hour at the 75th percentile. Moreover, [counsel's] thirty years of experience puts him at the upper end of the 21–30 age range, and he has significant specialized experience relevant to this litigation.").

Finally, the cases on which Standard relies in which courts awarded Ms. Glor a lower hourly rate are dated, none are based on the 2017 Economic Survey, and in those prior cases Glor did not submit sufficient documentation to support a 75th percentile rate. *See, e.g., Robertson v. Standard Ins. Co.*, 3:14-cv-01572-HZ, 2016 WL 406343, at *6 (D. Or. Jan. 31, 2016) (awarding Glor an hourly rate of $336.34 based on the 2012 Economic Survey mean hourly rate of $326, adjusted for inflation, because the plaintiff failed "to provide any information regarding Ms. Glor's background or experience, except for a footnote in Plaintiff's reply brief, unsupported by any evidence"). Here, Glor has met her burden of supporting a 75th percentile hourly rate of $475/hour. *See Brady Mktg. Co. Inc. v. Kai U.S.A. Ltd.*, No. 3:16-cv-

PAGE 5 – OPINION AND ORDER

1878-MO, 2018 WL 3377083, at *3 (D. Or. July 11, 2018) (noting that awarding "the 75th percentile rate . . . is the usual practice of this district"); c*f. SPF Brewery Blocks, LLC v. Art Inst. of Portland, LLC*, No. 3:18-cv-1749-MO, 2019 WL 1497029, at *2 (D. Or. Apr. 4, 2019) (awarding Portland private practice attorney with eighteen years of complex litigation experience an hourly rate of $490 for work performed through November 2018 and $525 for work performed thereafter); *Pomerleau v. Health Net of Cal., Inc.*, No. CV 11-01654 DDP (FMOx), 2012 WL 5829850, at *5 (C.D. Cal. Nov. 15, 2012) (awarding ERISA attorney her 2011 hourly rate of $600).

### 2. Requested Hours

Coleman-Fire requests compensation for 381.2 hours of Ms. Glor's time over a two-year period. (Pl.'s Mot. at 5.) Standard objects on the ground that the requested number of hours is excessive and "grossly disproportionate" to other ERISA cases. (Def.'s Resp. at 4.) Specifically, Standard objects to the time spent on pre-complaint matters, a settlement request, "pointless" discovery, summary judgment briefing, and oral argument. (Def.'s Resp. at 3-10.)

The Court has reviewed every time entry submitted by Ms. Glor, and finds that all of her time was reasonably incurred in litigating this case. The Court finds Standard's comparison of Ms. Glor's hours to other unrelated ERISA cases not particularly instructive, although the Court notes that several of the cases Standard cites as comparators also involved fee awards exceeding 300 hours. *See* Def.'s Resp. Ex. B (listing district court cases in the Ninth Circuit in which ERISA plaintiffs were compensated for between 23 and 718.4 hours, including awards of 305, 370, 380, 382, 432, 515, 536, 630 and 718 hours). The more relevant comparator would be the number of hours Standard's counsel billed to this matter, but those numbers are not before the Court.

PAGE 6 – OPINION AND ORDER

With respect to Standard's specific challenges, the Court finds that Glor's pre-complaint hours, including communications with her client about the litigation, were necessary and were not incurred for the administrative phase of the claims process, as Standard alleges. The case on which Standard relies, *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974 (9th Cir. 2001), merely held that the ERISA fee provision does not allow for reimbursement of fees incurred during administrative proceedings, and Ms. Glor has not billed for any such tasks here. *See Dishman*, 269 F.3d at 987-88 (noting that although the ERISA fee provision "was not meant to reimburse claimants for legal expenses 'incurred during administrative proceedings prior to suit,'" that does not mean "that ERISA plaintiffs may not recover attorneys' fees for any work done prior to the date they file their complaint") (citation omitted).

In addition, it was appropriate for Coleman-Fire to pursue settlement early in the case, and the fact that his efforts were not successful does not require the exclusion of his attorney's time as unreasonable. Finally, Ms. Glor points out that she was not aware that the discovery she sought was not helpful until Standard produced it. Of course, had Standard produced the requested discovery without a motion to compel, Coleman-Fire would not have incurred any fees.

With respect to the high number of hours Ms. Glor spent on summary judgment briefing and oral argument, the Court notes that it showed. As Ms. Glor's supporters correctly noted, good writing takes an extraordinary amount of time, especially in complex cases. Too often, attorneys do the bare minimum and file briefs that are not at all helpful to the Court. Too often, attorneys show up for oral argument without adequate preparation. Ms. Glor's careful analysis of the issues, clear writing, attention to detail, and thoughtful oral argument were effective and

appreciated by the Court.[3] In addition, the hours Ms. Glor billed are not disproportionate to the time it took the Court to review the record, perform legal research, read the parties' briefing, prepare for and hold oral argument, and draft the lengthy opinion. (*See* Findings of Fact & Conclusions of Law, ECF No. 40.) Although Ms. Glor logged many hours to achieve the result she sought in this litigation, the Court finds that her hours were not excessive nor disproportionate to the complexity of the issues presented. After considering the *Kerr* factors, the Court concludes that the lodestar figure results in an appropriate fee award in this case.

## II.   BILL OF COSTS

Coleman-Fire seeks $455 in costs, to which Standard does not object. (Def.'s Resp. at 10.) The Court agrees that Coleman-Fire's filing fee ($400) and service costs ($55) are reasonable and properly awarded here. *See* 29 U.S.C. § 1132(g)(1) (allowing "the court in its discretion [to] allow a reasonable attorney's fee and costs of action to either party"); FED. R. CIV. P. 54(d)(1) ("Unless a federal statute, these rules or a court order provides otherwise, costs— other than attorney's fees—should be allowed to the prevailing party.").

## CONCLUSION

For the reasons stated, the Court GRANTS Coleman-Fire's Motion for Attorney's Fees and Costs (ECF No. 52), and awards Coleman-Fire his attorney's fees in the amount of $181,680 and costs in the amount of $455.

**IT IS SO ORDERED.**

DATED this 25th day of February 2020.

*/s/ Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] Defense counsel's briefing and oral argument were also exemplary.